UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | | |
|---|---|---|
| BRIAN WORTHLEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 2:15-cv-00207-GZS |
| | ) | |
| ASHLEY ROBERTS, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## RECOMMENDED DECISION

In this action, Plaintiff Brian Worthley alleges a violation of his constitutional rights based on an incident in which Defendants temporarily restricted his access to a restroom. Although Plaintiff has not paid the filing fee and has not filed an application to proceed *in forma pauperis*, pursuant to 29 U.S.C. § 1915A, a preliminary screening of Plaintiff's complaint is appropriate. Following the review, I recommend that the Court dismiss Plaintiff's complaint.

### Standard of Review

Because Plaintiff currently is incarcerated and seeks redress from governmental entities and officers, Plaintiff's complaint is subject to screening under the Prison Litigation Reform Act. *See* 28 U.S.C. § 1915A(a), (c). The § 1915A screening requires courts to "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim …; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

When considering whether a complaint states a claim for which relief may be granted, courts must assume the truth of all well-plead facts and give the plaintiff the benefit of all reasonable inferences therefrom. *Ocasio-Hernandez v. Fortuno-Burset*, 640 F.3d 1, 12 (1st Cir.

2011).  A complaint fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007).  "The relevant question ... in assessing plausibility is not whether the complaint makes any particular factual allegations but, rather, whether 'the complaint warrant[s] dismissal because it failed *in toto* to render plaintiffs' entitlement to relief plausible.'" *Rodríguez– Reyes v. Molina–Rodríguez,* 711 F.3d 49, 55 (1st Cir. 2013) (quoting *Twombly,* 550 U.S. at 569 n. 14 (2007)).

### Factual Background

Plaintiff is incarcerated at the Maine Correctional Center in Windham.  (Complaint ¶ 4.) On January 3, 2015, at approximately 6:16 p.m., Plaintiff and other inmates returned from recreation and Defendant Ashley Roberts, a corrections officer, conducted "count."  (*Id.* ¶ 11.) Plaintiff stated he could not wait for the count to finish before using the restroom, but Defendant Roberts ordered Plaintiff to return to his room and wait.  (*Id.*)  Between 6:16 and 6:20, Plaintiff made a second request, but Roberts again instructed him to return to his room and wait.  (*Id.* ¶ 12.) Plaintiff returned to his room, for a moment, but then rushed to the restroom "just in time."  (*Id.*) Defendant James Lussier apparently was present during count as Plaintiff alleges that Defendant Lussier also denied him bathroom access.  (*Id.* ¶ 26.)

The following morning, Plaintiff received an "informal discipline," including room restriction, for disobeying an order to remain in his room.  (*Id.* ¶ 13.)  Plaintiff also maintains that on the same day, when he told Defendant Roberts that her "blind obedience to the facilities [sic] rules is exactly why Hitler got away with killing so many Jews," Defendant Roberts laughed.  (*Id.* ¶ 14.)  Plaintiff subsequently filed a grievance and alleges that several of the other Defendants

participated in the grievance review process.  Plaintiff asserts claims against the officers who performed the grievance review because they denied him relief.  (*Id.* ¶¶ 15-23.)

Plaintiff asserts that the denial of bathroom access violated the Eighth Amendment.  (*Id.* ¶ 24.)  Plaintiff also joined Defendant Luke Monahan, the unit manager, for his "decision to blindly back a flagrant charge."  (*Id.* ¶ 27.)  Plaintiff has alleged claims against Defendants Denise Shipman, Scott Landry, Joseph Fitzpatrick, and "Jody L.," based on their review of Plaintiff's incident-related grievance.  (*Id.* pp. 12-14.)  In addition, Plaintiff asserts that Defendants violated his rights under the First Amendment by charging him with provocation based on his comment regarding Hitler to Defendant Roberts.  (*Id.* ¶¶ 25, 27.)

## Discussion

The Eighth Amendment and the Fourteenth Amendment protect inmates from a prison official's conduct that is deliberately indifferent toward prison conditions that pose a substantial risk of serious harm.  *Burrell v. Hampshire Cnty.,* 307 F.3d 1, 7 (1st Cir. 2002).  To constitute deliberate indifference, the alleged conduct must be "on the order of something 'repugnant to the conscience of mankind.'"  *Thurston v. Cumberland Cnty.*, 2:13-CV-00013-GZS, 2014 WL 294487, at *7, 2013 U.S. Dist. Lexis 184328, at *22 (D. Me. Dec. 17, 2013) (Mag. J. Rec. Dec., adopted Jan. 27, 2014) (quoting *Estelle v. Gamble,* 429 U.S. 97, 105 (1976)).  Plaintiff's allegation that he was denied access to bathroom facilities for approximately four minutes during a "count" simply does not generate a plausible claim of deliberate indifference.  *See*, *e.g.*, *Nordlund v. Wash. State Dep't of Corr.*, No. 3:14-cv-05217, 2015 WL 1867119, at *11, 2015 U.S. Dist. Lexis 53605, at * 24 – 28 (W.D. Wash. Feb. 25, 2015) (Mag. J. Rec. Dec., adopted Apr. 23, 2015) (collecting cases).

Plaintiff also fails to state a First Amendment claim.  "[A] prison inmate retains those First Amendment rights that are not inconsistent with his status as a prisoner or with the legitimate penological objectives of the corrections system."  *Pell v. Procunier,* 417 U.S. 817, 822 (1974).  Prisoners, however, do not enjoy the same degree of free speech rights as free citizens.  *Turner v. Safley*, 482 U.S. 78, 89-90 (1987).  In particular, disrespectful and insulting speech is not protected speech in the prison environment.  *See*, *e.g.*, *Watkins v. Kasper*, 599 F.3d 791, 796-99 (7th Cir. 2010); *Nunez v. Ramirez*, No. 3:09-cv-00413, 2009 WL 6305676, at *4, 2009 U.S. Dist. Lexis 126235, at *11 – 15 (S.D. Cal. Nov. 12, 2009) (Mag. J. Rec. Dec., adopted Mar. 24, 2010).  Plaintiff's statement to Defendant Roberts, in the context of the prison, where officials are charged with maintaining order and preventing unrest, is not protected speech under the First Amendment.  Any discipline that might have resulted from Plaintiff's statement, therefore, cannot be the basis of a First Amendment claim.

Because Plaintiff's core allegations about his treatment in the prison fail to state a claim, his related claim against the Defendants who reviewed his grievance also fails.  Furthermore, officers who have merely participated in the review and denial of a prisoner's grievance, but who were not involved in the incident that is the subject of the grievance, ordinarily are not subject to liability under federal civil rights law.  *Murphy v. Corizon*, No. 1:12-CV-00101-JAW, 2012 WL 3637902, at *8, 2012 U.S. Dist. Lexis 104142, at *22 (D. Me. July 6, 2012) (Mag. J. Rec. Dec., adopted Aug. 22, 2012) (citing *Gallagher v. Shelton,* 587 F.3d 1063, 1069 (10th Cir. 2009); *Shehee v. Luttrell,* 199 F.3d 295, 300 (6th Cir. 1999)).

### Conclusion

Based on the foregoing analysis, following a review pursuant to 28 U.S.C. § 1915A, I recommend that the Court dismiss Plaintiff's complaint.

4

**NOTICE**

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 8th day of June, 2015.